OPINION
{¶ 1} Damien Jones appeals from his conviction and sentence on a third-degree felony charge of domestic violence.[1]
 {¶ 2} Jones advances two related assignments of error on appeal. First, he contends his trial counsel's failure to object to an opening statement, testimony, and a jury instruction regarding his failure to appear for a previously scheduled trial date constituted ineffective assistance of counsel. Second, he claims the trial court abused its discretion by instructing the jury regarding his prior failure to appear.
 {¶ 3} In support of his assignments of error, Jones argues that his initial failure to appear for trial was irrelevant to the domestic violence charge against him. He further argues that any possible probative value of trial testimony about his failure to appear was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. As a result, he asserts that testimony on the issue was inadmissible under Evid.R. 402 and Evid.R. 403(A). Based on that premise, he argues that the prosecutor should not have mentioned his failure to appear in opening statements and that the trial court should not have instructed the jury regarding his failure to appear.
 {¶ 4} Upon review, we find Jones' arguments to be without merit. The record reflects that the trial court originally scheduled his trial for August 2004. Jones failed to appear for that trial date, however, and forfeited his bond. He later was located, arrested, and tried in December 2004. During his opening statement, the prosecutor addressed the failure-to-appear issue as follows:
 {¶ 5} "The Defendant is then placed in the county jail where he makes bond. He's out on bond. And during the course of this process the Defendant is scheduled to have a trial on this matter in August of 2004, specifically, I believe, August 31, 2004. The Defendant decides he doesn't want to come to trial, and he decides to leave, and fails to appear for his Court appearances and check-in, and has to be arrested by Court warrant to bring him here today."
 {¶ 6} At trial, the prosecutor called pre-trial release specialist Ben White as a witness. White testified about Jones' failure to check-in as required after July 16, 2004, and about his subsequent failure to appear for trial. In addition, the prosecutor cross examined Jones' father, Leonard, about posting bond for his son and about his son's failure to appear for trial and resulting arrest.[2]
 {¶ 7} Finally, when instructing the jury, the trial court stated:
 {¶ 8} "In making your determination of guilty[,] evidence has been presented in this case alleging that the Defendant, Damien Jones, failed to appear for trial on August 30th, 2004. The Defendant is not charged with any crime involving his failure to appear in Court. However, in regard to this evidence, you are instructed that flight from justice, in and of itself, does not raise a presumption of guilt, but it may tend to show a consciousness of guilt on the part of the Defendant in connection with the crime charged.
 {¶ 9} "If you find the Defendant's conduct was not motivated by a consciousness of guilt, or if you are unable to determine what the Defendant's motivation was, you should not consider the evidence for any purpose. If you find the evidence is true, and if you find that the Defendant's conduct was motivated by a consciousness of guilt, you may consider this evidence in determining whether or not the Defendant is guilty of the crime charged. You alone will determine the weight, if any, to be given to this evidence."
 {¶ 10} On appeal, Jones insists that evidence of his failure to appear for his first scheduled trial date has no possible relevance to his guilt or innocence. The Ohio Supreme Court long has recognized, however, that "the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus of guilt itself." State v. Eaton (1969), 19 Ohio St.2d 145, 160, vacated in part on other grounds, Eaton v. Ohio (1972), 408 U.S. 935; State v. Williams
(1997), 79 Ohio St.3d 1, 11.
 {¶ 11} In the same vein, Ohio courts have concluded that a defendant's failure to appear for trial may indicate consciousness of guilt. See, e.g., State v. Hagwood (June 2, 1995), Lake App. No. 94-L-016 (holding that evidence of a defendant's failure to appear for trial is admissible because it is probative of consciousness of guilt and that the prejudicial effect of such evidence does not substantially outweigh its probative value); State v. Fain (Aug. 22, 1990), Summit App. No. 14578 ("Flight from justice, and its analogous conduct, have always been indicative of a consciousness of guilt. * * * Therefore, we hold that the trial court did not err in overruling objections to the state questioning Fain in regard to Fain's failure to appear at the original arraignment hearing."); State v. Behun (Sept. 20, 1985), Portage App. No. 1490, quoting McCormick, Evidence (2d Ed. 1972), 655, Section 271 ("`Many acts of the defendant after the crime seeking to escape the toils of the law are uncritically received as admissions by conduct constituting circumstantial evidence of consciousness of guilt and hence of the fact of guilt itself. In this class are * * *, forfeiture of a bond by failure to appear * * *.'").
 {¶ 12} Likewise, in State v. Collins (Oct. 17, 1988), Montgomery App. No. 10818, we addressed a defendant's argument that the trial court had erred in admitting evidence of his failure to appear for trial and the forfeiture of his bond. Upon review, we first noted the existence of case law holding "that evidence of an accused's failure to appear for trial and the forfeiture of his bond may be relevant evidence of guilt." Even assuming, arguendo, that the admission of such evidence was erroneous, however, we found it to be harmless beyond a reasonable doubt in Collins' case given the overwhelming evidence against him.
 {¶ 13} We reach the same conclusion here. In light of the case law set forth above, we cannot say that the trial court abused its discretion in admitting evidence of Jones' failure to appear for trial and the forfeiture of his bond. The trial transcript reflects that Jones exited the back of his house when police arrived and knocked on the front door in response to a domestic violence call. He appeared intoxicated and was "extremely belligerent." Following Jones' arrest, his father posted a $1,000 bond to secure his release from jail. About six weeks before trial, Jones stopped checking in with pre-trial release specialist Ben White, as required by the conditions of his bond, and he also failed to appear for trial despite having signed a document indicating his awareness of the trial date. As a result, the bond posted by Jones' father was forfeited. Prior to his arrest for failure to appear, Jones suggested to a friend that he had not shown up because the accusations against him were untrue and because he did not want to use a public defender.
 {¶ 14} In our view, however, the State was entitled to argue that Jones' failure to appear was tantamount to flight, concealment, or related conduct to avoid prosecution for his third domestic violence offense, and that it tended to show consciousness of guilt. Although the jury was free to accept or reject this argument, Jones' failure to appear for trial was relevant to his guilt or innocence. Moreover, we are unpersuaded that the probative value of testimony on the failure-to-appear issue was substantially outweighed by the danger of unfair prejudice. Thus, the opening statement, trial testimony, and jury instruction were permissible. Hagwood, supra; Fain, supra; Behun, supra;Collins, supra.
 {¶ 15} In light of the foregoing reasoning, we find no merit in Jones' argument that his attorney's failure to object to the opening statement, testimony, and jury instruction regarding his failure to appear constituted ineffective assistance of counsel. We are equally unpersuaded that the trial court abused its discretion by instructing the jury regarding his failure to appear.[3]
 {¶ 16} Finally, as in Collins, supra, even assuming arguendo that Jones had demonstrated some error, we would find it was harmless beyond a reasonable doubt. The evidence of domestic violence in this case is truly overwhelming. The record reflects that the complainant left home on the evening in question to attend a bachelorette party. The complainant had no visible injuries when she left the party. She returned home later to find Jones asleep and intoxicated. She testified that an argument ensued and Jones began punching and choking her. Following the incident, police observed physical injuries to the complainant that included a broken tooth, a bloody mouth, facial bruising, an abrasion, ligature marks around the neck, and swelling to the head. In his defense, Jones denied hitting the complainant but had no plausible explanation for how she might have sustained the foregoing injuries, which he denied even observing. During closing argument, defense counsel suggested that Jones could not have inflicted the injuries because, given his size, the complainant likely would have been hurt much worse if he had. In our view, however, the evidence of domestic violence is overwhelming, and any possible error in the prosecutor's opening statement, the testimony about Jones' failure to appear, and the jury instruction on the issue was harmless beyond a reasonable doubt.
 {¶ 17} Accordingly, we hereby overrule Jones' assignments of error and affirm the judgment of the Greene County Common Pleas Court.
Judgment affirmed.
Donovan, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] The offense was charged as a third-degree felony because Jones has two prior domestic violence convictions.
[2] Although Jones also complains about the prosecutor asking a question concerning his appearance on a "Crime Stoppers" program, we note that the trial court sustained defense counsel's objection to the question.
[3] Although the trial court acted within its discretion in instructing the jury regarding Jones' failure to appear for trial, we add a word of caution about the phrasing of the trial court's instruction. As noted above, the trial court began its instruction by stating: "In making yourdetermination of guilty[,] evidence has been presented in this case alleging * * *." (Emphasis added). A more neutral instruction would be preferable, such as: "In making your determination of guilt or innocence, evidence has been presented in this case alleging * * *." We note, however, that Jones had not challenged this particular aspect of the trial court's jury instruction.